UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTELMO JUAREZ,

    Petitioner,

v.      CAUSE NO. 3:19-CV-319 DRL-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Antelmo Juarez, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (ISP-10-2-2) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of murdering another inmate in violation of Indiana Department of Correction Offense 100. Following a disciplinary hearing, on February 5, 2020, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. In response, the Warden argues that the petition is untimely and that some of Mr. Juarez's claims are procedurally defaulted. Because the briefs contain sufficient information to resolve these claims on their merits, the court will assume that they are procedurally sound for purposes of this order. *See* 28 U.S.C. § 2254(b)(2).

Mr. Juarez argues that he is entitled to habeas relief because another inmate confessed to committing the murder in self-defense, which demonstrates that he is actually innocent. Federal courts have not recognized actual innocence as a freestanding habeas claim in the context of prison disciplinary proceedings or otherwise, *see Cal v.*

*Garnett*, 991 F.3d 843, 850 (7th Cir. 2021), so the court construes this claim as asserting insufficiency of the evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes an investigative file in which the Investigator Whelan concluded that Mr. Juarez and his brother, Oscar Perez, murdered another inmate. It includes video recordings, documentation of Mr. Juarez's injuries, and observations that blood had been found on Mr. Juarez's shoes, each of which demonstrate Mr. Juarez's participation in the physical altercation that caused the murder. ECF 12-5, ECF 14, ECF 15 at 5, 18, ECF 17. It also contains statements from two individuals stating that they personally observed Mr. Juarez stab the victim. ECF 14. Consequently, the record contains some evidence that Mr. Juarez committed murder. To the extent Mr. Juarez asserts that his motive for murdering the victim was to defend himself, he cites no state law supporting the availability of self-defense as an affirmative defense to prison disciplinary offenses, and he has no constitutional right to assert self-defense in a prison disciplinary proceeding. *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs v. Jordan*, 485 F.3d 934, 938–39 (7th Cir. 2007). Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Mr. Juarez argues that he is entitled to habeas relief because correctional staff did not allow him to correspond with his brother prior to the hearing. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The screening report indicates that Mr. Juarez did not request his brother as a witness or any other documentary evidence. ECF 12-2. Even if he had, the record reflects that correctional staff separated Mr. Juarez from his brother for the reasonable purpose of preventing them from collaborating to frustrate the investigation. ECF 14 at 4. Moreover, the security risks were readily apparent as Mr. Juarez and his brother had just been accused of jointly murdering an individual and had been convicted in state court of jointly murdering another. *Id.* at 1. Therefore, the claim that correctional staff prevented him from corresponding with his brother is not a basis for habeas relief.

Mr. Juarez argues that he is entitled to habeas relief because Officer McKinney engaged in misconduct by inviting another inmate, Jammy Dale Daniels, to fabricate evidence against Mr. Juarez. "The Supreme Court has clearly established that a prosecutor's knowing use of perjured testimony violates the Due Process Clause." *Schaff v. Snyder*, 190 F.3d 513, 530 (7th Cir. 1999). "When the defendant argues that the government allegedly used perjured testimony, to warrant setting the verdict aside and ordering a new trial, the defendant must establish that: (1) the prosecution's case included

perjured testimony; (2) the prosecution knew or should have known of the perjury; and (3) there is a reasonable likelihood that the false testimony could have affected the judgment of the jury." *Shasteen v. Saver*, 252 F.3d 929, 933 (7th Cir. 2001). According to Mr. Daniels' affidavit, Officer McKinney approached him about Mr. Juarez in December 2010 -- ten months after the conclusion of the investigation and the disciplinary hearing -- so it is unclear how this affidavit is relevant to Mr. Juarez's petition challenging the disciplinary hearing. ECF 12-4; ECF 14; ECF 29-1 at 15-17.  Further, the record contains no indication beyond Mr. Juarez's allegations that the hearing officer relied on false statements from Mr. Daniels or any other fabricated evidence. Therefore, the argument that Officer McKinney engaged in misconduct is not a basis for habeas relief.

Because Mr. Juarez has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Juarez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 6);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Antelmo Juarez leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

May 27, 2021

*s/ Damon R. Leichty*
Judge, United States District Court